IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHETANAND KUMAR SEWRAZ,

    Plaintiff,

v.                                                             Civil Action No. 3:08cv35

EDWARD GUICE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Chetanand Kumar Sewraz, a federal inmate proceeding *pro se* and *in forma pauperis*, filed an amended complaint pursuant to, *inter alia*, 42 U.S.C. § 1983, 28 U.S.C. § 1361, 28 U.S.C. § 1350, and 28 U.S.C. § 1346, alleging civil rights violations and various torts.

### I. The Amended Complaint

Given its nature, the amended complaint is before the Court for review under Federal Rule of Civil Procedure 8(a). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 8(d)(1) further requires that each averment "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978) (*quoting Canty v. Richmond, Virginia Police Dep't*, 383 F. Supp. 1396, 1399 (E.D. Va. 1974)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even *pro se* plaintiffs must recognize Rule 8's vision for "a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issues* to be

litigated, and provide a means for quick dispositions of sham claims." *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); *see also Peck v. Merletti*, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999). Statements which are unnecessarily prolix place "'an unjustified burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (*quoting* 5 Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1281 at 365 (1969)); *see also North Carolina v. McGuirt*, 114 F. App'x 555, 558-59 (4th Cir. 2004) (Nos. 04-1305, 04-1306), *available at* 2004 WL 2603703, at *2-3.

Mr. Sewraz's amended complaint contains over 191 pages and names 92 defendants. The amended complaint contains seventy (70) pages of excessively detailed and often unnecessary factual background. Such overly inclusive allegations make it difficult to determine which facts support which cause of action. *McGuirt*, 114 F. App'x at 558-59, *available at* WL 2603703, at *2-3. The amended complaint lists 134 causes of action. Many causes of action contain "shotgun pleadings" by which each count incorporates by reference the allegations of its predecessors. *Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002). Such pleadings require the Court to engage in constant cross-referencing to locate relevant allegations. *Id.* at 1296 n.9. The amended complaint also refers to large groups of defendants under such labels as "Conspiracy Group." This categorization scheme requires cross-referencing to discern which causes of action Mr. Sewarz intends to apply to which defendants. Finally, the complaint frequently pleads evidence, and Federal Rules of Civil Procedure discourage the pleading of evidence. *Untracht v. Fikri*, 368 F. Supp. 2d 409, 415 (W.D. Pa. 2005).

By Memorandum Order entered on July 15, 2008, the Court concluded that Mr. Sewraz's amended complaint did not comply with Federal Rule of Civil Procedure 8(a) because it was prolix, repetitive, and overly complex. Therefore, the Court directed Mr. Sewraz to submit an amended complaint that comports with Federal Rule of Civil Procedure 8(a) or show good cause why the current amended complaint should not be dismissed. The Court informed Mr. Sewraz that should he choose to submit an amended complaint, he must thoroughly review the current amended complaint and dispense with rhetorical questions, improper argumentative detail, any unnecessary incorporation of factual allegations for particular claims, and multiplicitous claims for relief. The Court further admonished Mr. Sewraz to omit any claim against any defendant that is not well-grounded in the law.[1]

## II. Mr. Sewraz's Response

Mr. Sewraz's response to the Court's order is two-fold. First, instead of submitting an amended complaint, Mr. Sewraz has submitted an index for his various claims. The index does not cure the deficiencies noted by the Court, including the abundance of unnecessary details and argumentative comments. Indeed, the index simply adds another twist to an already overly convoluted pleading. The second aspect of Mr. Sewraz's response is his assertion that his amended complaint comports with Federal Rule of Civil Procedure 8(a). For the reasons more fully stated in the July 15, 2008 Memorandum Order, Mr. Sewraz's assertion is rejected. Mr. Sewraz's excessive and unnecessary detail "places an unjustified burden on the court and the

---

[1] Mr. Sewraz also represented that he brought the action on behalf of himself and his current wife, Naarsha Devi Sewraz. Mr. Sewraz signed the amended complaint and several motions on her behalf. The Court informed Mr. Sewraz he was not entitled to act on his wife's behalf in filing court papers simply because he has a power of attorney from her. Rules of Supreme Court of Virginia, Pt. 6, § I; *see DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y. 2004); *Kone v. Wilson*, 630 S.E.2d 744, 745-46 (Va. 2006).

[defendants] because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (*quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)). The length and confusing manner of Mr. Sewraz's amended complaint fails to give the scores of named defendants fair notice of Mr. Sewraz's claims and the grounds upon which they rest. *See Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002). Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. Mr. Sewraz's outstanding motions will be DENIED.

An appropriate Order shall issue.

/s/
Richard L. Williams
United States District Judge

Richmond, Virginia
Date: AUG 2 6 2008