

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHETANAND KUMAR SEWRAZ,

    Plaintiff,

v.                                                                                                                           Civil Action No. 3:08cv35

EDWARD GUICE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Chetanand Kumar Sewraz, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this action pursuant to, *inter alia*, 42 U.S.C. § 1983, 28 U.S.C. § 1361, 28 U.S.C. § 1350, and 28 U.S.C. § 1346, alleging civil rights violations and various torts. By Memorandum Order entered on July 15, 2008, the Court informed Plaintiff that his amended complaint, which contains over 191 pages and names 92 defendants, did not comply with Federal Rule of Civil Procedure 8(a)(2). Plaintiff was given an opportunity to correct his complaint to bring the action into compliance with Rule 8(a)(2). Plaintiff did not take advantage of that opportunity. Therefore, by Memorandum Opinion and Order entered on August 26, 2008, the Court dismissed the action without prejudice. Plaintiff appealed that decision. On March 20, 2009, the United States Court of Appeals for the Fourth Circuit affirmed the decision of this Court. *See Sewraz v. Guice*, 318 F. App'x 228 (4th Cir. 2009) (No. 08-8173), *available at* 2009 WL 726013. On August 19, 2009, the Court received Plaintiff's motion for relief under Federal Rule of Civil Procedure 60(b) and motion for leave to file an amended complaint.

At this stage, Plaintiff's post-judgment motion to amend may only be granted where the judgment dismissing the action is first vacated pursuant to Rule 60(b) of the Federal Rules of

Civil Procedure. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("'[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'" (alteration in original) (*quoting Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985))). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding. "Relief provided under Rule 60(b) in general is equitable in nature and is to be guided by equitable principles." *Valez v. Vassalo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (*citing* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2857, at 255 (2d ed. 1995); *see also MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755-56 (8th Cir. 1996) (collecting authority).

The party seeking relief under Rule 60(b) must cross the "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (*quoting Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Once the movant has satisfied these requirements, he or she must then satisfy at least one of the six grounds for relief provided in Rule 60(b). Fed. R. Civ. P. 60(b). Plaintiff has not specified any subsection of Rule 60(b) under which he wishes to proceed. It appears to the Court that the only applicable section is Rule 60(b)(6). "[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby* 545 U.S. 524, 535 (2005) (*quoting Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

Plaintiff has failed to explain why relief under 60(b) is warranted. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008). Rather, he simply states that the Court should set aside it prior judgment and allow him to file an amended complaint because he has

2

now drafted a complaint that complies with Federal Rule of Civil Procedure 8(a). The time for Plaintiff to submit such a complaint was prior to the entry of the judgment on August 26, 2008. . *Cf. Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.* 925 F.2d 226, 229 (7th Cir. 1991) ("[W]here a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted." (*citing N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co. Inc.*, 842 F.2d 164, 167 (7th Cir. 1988))). "When a party makes free and conscious choices regarding the conduct of litigation, such a party cannot obtain relief under Rule 60(b)(6)." *Dowell*, 774 F. Supp. 996 (S.D. W. Va. 1993) (holding that consequences arising from Plaintiff's "calculated and deliberate decisions" regarding litigation tactics did not warrant Rule 60(b) relief) (*citing Ackermann v. United States*, 340 U.S. 193, 199 (1950)); *see also Dowell*, 993 F.2d at 48; *Wagner Spray Tech Corp v. Wolf*, 113 F.R.D. 50, 51 (S.D.N.Y. 1986) ("[The movant's] interest in undoing the results of a litigation strategy which, in hindsight, appears unwise fails to outweigh the judiciary's interest in the finality of judgments.") Plaintiff's dilatory attempts to submit a proper complaint do not constitute exceptional circumstances warranting relief under Federal Rule of Civil Procedure 60(b). *See Kuntz v. City of Dayton*, No. 95-3938, 1996 WL 607148 at *2 (6th Cir. Oct. 22, 1996). Therefore, Plaintiff has failed to demonstrate that the August 26, 2008 Judgment should be set aside.[1] Accordingly, Plaintiff's motion for relief under Federal Rules of Civil Procedure 15 and 60(b) (Docket No. 45) will be DENIED.

---

[1] The initial action was dismissed without prejudice. Plaintiff is therefore free to file a new action, with the attendant filing fees, by submitting a new complaint.

An appropriate Order shall issue.

/s/
Richard L. Williams
United States District Judge

Richmond, Virginia
Date: OCT - 2 2009